# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>41st JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>I-24- 6802 NZ |

**Court address**: 2 South Sixth Street, Crystal Falls, MI 49920

**Court telephone no.**: 906-875-3221

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Douglas Richard Taylor, Jr. and Jessica Sue Taylor<br>In Pro Per<br>1415 16th Ave.<br>Iron River, MI 49935<br>(906) | v | Trooper Cole Hodge, C/O Michigan State Police, 1916 N. Stephenson Ave., Iron Mountain, MI 49801<br><br>Curt Harrington, 106 W. Genesee St., Iron River, MI 49935<br><br>Michael Tulppo, 2 S. 6th St., Ste. 18, Crystal Falls, MI 49920<br><br>Austin Geneman, 106 W. Genesee St., Iron River, MI 49935 |
| Plaintiff's attorney, bar no., address, and telephone no. | | |

**Instructions**: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| August 2, 2024 | October 30, 2024 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. I-24-6802   NZ |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____   Signature: _____
                         Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments
_____ on _____
                  Day, date, time
_____ on behalf of _____.

Signature

STATE OF MICHIGAN
41ST JUDICIAL CIRCUIT COURT FOR THE COUNTY OF IRON

DOUGLAS RICHARD TAYLOR, JR
And JESSICA SUE TAYLOR
    Plaintiffs,

v.

Michigan State Trooper COLE HODGE,
in his official and individual capacity; and

Iron River City Police Chief CURT HARRINGTON,
in his official and individual capacity; and

Iron County Sheriff's Deputy MICHAEL TULPPO,
in his official and individual capacity; and

Iron River City Police Officer AUSTIN GENEMAN
In his official and individual capacity
    Defendants.
_____/

File No.: 24- 6802 NZ

HON.

COMPLAINT

FILED
AUG 0 2 2024
IRON COUNTY CLERK

## COMPLAINT

There is no other civil action between these partied arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed ad dismissed or transferred after having been assigned to a judge.

The Plaintiffs Douglas Richard Taylor, Jr. and Jessica Taylor In Pro Per, in support of this Complaint states:

### INTRODUCTION

1. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 USC §1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Michigan against Michigan State Police Trooper Cole Hodge in his individual and official capacity, Iron River City Police Chief Curt Harrington in his individual and official capacity, and Michael Tulppo Iron County Sheriff's Department Deputy in his individual and official capacity, and Austin Geneman, Iron River City Police Officer in his individual and official capacity.

2. Plaintiffs allege that Defendants violated their United States Constitutional Rights as well as their rights under Michigan Statute MCL 780.656.

3. Plaintiffs allege that the named officers executed an invalid warrant issued without probable cause, and without taking reasonable precautions to assure that the subject of the warrant was in fact observed on the property to be searched.

4. Plaintiffs allege that each of the named officers failed to take reasonable steps to avoid violating Plaintiffs' constitutional rights.

5. Plaintiffs allege that the entry into their home violated Michigan Knock and Announce statute.

6. Plaintiffs allege that the Defendant Cole Hodge used excessive force in exercising an invalid search warrant.

7. Plaintiffs allege that the entry was in violation of their constitutional and state property rights and was committed as a result of the named officers violating policies and customs adopted by the City of Iron River, the Iron County Sheriff's Department and the Michigan State Police.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction pursuant to MCL 600.605 over Plaintiffs' Cause of Action arising under the Constitution of the United States and 42 USC §1983 and Plaintiffs' State law claims.

9. Venue lies in the Iron County Circuit Court because all the events or omissions giving rise to Plaintiffs' claims occurred in Iron County Michigan.

## PARTIES

10. Plaintiffs, Douglas Taylor and Jessica Taylor are adult residents of Iron River City, County of Iron, State of Michigan.

11. Defendant, Cole Hodge was a Michigan State Police Trooper when the relevant events occurred and is being sued in his individual and official capacity.

12. Defendant Curt Harrington was the Iron River City Police Chief when the relevant events occurred, and is being sued in his individual and official capacity

13. Defendant Michael Tulppo was an Iron County Sheriff's Deputy when the relevant events occurred and is being sued in his individual and official capacity.

14. Defendant Austin Geneman was an Iron River City Police Officer when the relevant events occurred and is being sued in his individual and official capacity.

## COMMON COUNT

15. On or about September 12, 2022, the Plaintiff Douglas Taylor was a customer at the Iron River Dollar General retail store. Along with a woman known as Amber Henning.

16. As a result of claimed actions by Amber Henning the Iron River City Police Chief claims to have identified a wanted felon by the name of Daniel Cooper by viewing Dollar General video footage. The Police Chief relayed this information to Defendant Cole Hodge.

17. The Police Chief failed to provide any details on how he was able to physically identify an individual named Daniel Cooper. The Police Chief did not claim to have any prior knowledge or contact with a Daniel Cooper.

18. Cole Hodge claims to have personal knowledge of the physical appearance of Daniel Cooper and based on his own viewing of the Dollar General video footage claims to have identified him in that footage.

19. The above officers were provided with identifying information about the vehicle that the alleged suspect left the retail store driving and later observed the same vehicle at 1415 16th Ave. in Iron River, MI.

20. Officers claim to have witnessed Daniel Cooper through a window at the address where the truck was parked.

21. At the time the truck was observed at this Iron River address, there was also a registered Harley Davidson motorcycle parked in front of the home within clear view of the public street. Both the Motorcycle and pickup truck which was identified as leaving the Dollar General retail store had Michigan registration plates that were visible from the public road at the time officers claim to have witnessed Daniel Cooper through the window of the home.

22. The above address was owned by Plaintiffs and the Harley Davidson is owned and registered to the Plaintiff Douglas Taylor. There was a work truck parked at the home owned by Serbinski Services.

23. Defendant Cole Hodge, based solely on his claimed physical identification of Daniel Cooper pursued the issuance of a search warrant based on the outstanding warrant for Mr. Cooper.

24. None of the named Defendants took any other acts to identify the residents of the home, nor the owners of the vehicles parked in front of the home.

25. Officer Geneman stopped Plaintiff Douglas Taylor on September 7, 2022, for a fictitious claim that the license plate light was burned out. During that stop he identified me to my address by State of Michigan issued ID.

26. Defendant Cole Hodge obtained a search warrant for the home located at 1415 16th Ave. Iron River, MI. in an attempt to arrest Daniel Cooper.

27. On information and belief, the Defendant Michael Tulppo undertook surveillance of the subject home during the time it took for Cole Hodge to obtain the search warrant.

28. On information and belief no persons were seen entering or leaving the home during the time the warrant was being secured.

29. At approximately 11:00 pm on September 12, 2022, Defendant Cole Hodge, and Defendant Michael Tulppo executed the invalid search warrant by breaking down the door of the Plaintiff's home.

30. The Defendants did not find Daniel Cooper nor any evidence to support that Daniel Cooper had been on the premises on September 12, 2022.

31. A Michigan State Trooper put handcuffs on the Plaintiff Douglas Taylor while he was compliant on the ground without any cause and in a manner that caused Plaintiff to suffer damages.

32. As a direct and proximate result of acts of the Defendants, Plaintiffs suffered the following injuries and damages:

    (a) Violation of their Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches.

    (b) Intentional trespass upon Plaintiffs' property.

    (c) Emotional distress.

    (d) Pain and suffering due to aggravation of an existing back injury of Doug Taylor.

      (d)    Invasion of privacy.

      (e)    Property Damage

33. The actions of Defendants violated the following clearly established and well settled federal and state constitutional and legal rights.

      (a)    Freedom from unreasonable searches of one's home.

      (b)    Trespass upon private property.

      (c)    Invasion of privacy.

      (d)    Excessive use of force

34. Defendant Officers at all relevant times, were acting under color of law and under color of authority as police officers, employees and agents for the City of Iron River, Michigan, Iron County Sheriff's Department and Michigan State Police.

## **COUNT I**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34.

36. Plaintiff claims damages under 42 USC § 1983 for injuries set forth above against Defendants Cole Hodge, Curt Harrington and Michael Tulppo for violation of their Federal Constitutional Rights under color of law.

## **COUNT II**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-34.

38. Plaintiffs are the owners and legal occupants and possessors of 1415 16th Ave. Iron River, MI. 49935.

39. That on September 12, 2022, Defendants Cole Hodge and Michael Tulppo physically entered the Plaintiff's home at approximately 11:00 p.m. without first knocking and announcing their legal presence and without permission kicked down the door to enter.

40. That the Plaintiffs were unaware that the police were outside their home and were asleep on the couch being that it was 11:00 pm in the evening.

41. That Defendants actions were intentional and the sole cause of their illegal entry.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable court:

   a) Enter Judgment in favor of Plaintiffs and against Defendants;
   b) Enter an Order declaring Defendant Cole Hodge's, Deputy Michael Tulppo, and Officer Austin Geneman's conduct unconstitutional and a violation of Plaintiffs property rights and an invasion of Plaintiff's right to privacy.
   c) Enter an Ordre declaring Defendant Cole Hodges, Michael Tulppo's and Austin Geneman's conduct unconstitutional and a violation of the Plaintiff's rights to be free from unreasonable search, seizure, and excessive use of force in execution of a search warrant.
   d) Award Plaintiffs compensatory and punitive damages against Defendants.
   e) Grant to Plaintiffs such other and further relief under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury.

Dated: 8/2, 2024   By: _____
                        Douglas Richard Taylor, Jr.

Dated: 8/2, 2024   By: _____
                        Jessica Sue Taylor