UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS RICHARD TAYLOR, JR., et al.,

Plaintiffs,

v.

COLE HODGE, et al.,

Defendants.
______________________________/

CASE No. 2:24-cv-145

HON. ROBERT J. JONKER

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

This is a Section 1983 action filed by Plaintiffs Douglas and Jessica Taylor against Defendants Cole Hodge, Michael Groleau, Curt Harrington, Michael Tulppo, and Austin Geneman—all of whom are law enforcement officers—in addition to Defendant City of Iron River and Iron County. Plaintiffs allege that Defendants violated their rights when officers executed a search warrant for Plaintiffs' home to locate a suspect who officers did not find there. Plaintiffs originally filed this action in Michigan state court and asserted several state law claims. Defendants removed.

Several Defendants moved to dismiss or for judgment on the pleadings (ECF Nos. 41, 44, 45). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation indicating that this Court should grant in part and deny in part Defendants' motions (R&R, ECF No. 63). Defendant Hodge objected to the Report and Recommendation (ECF No. 64). Plaintiffs also objected (ECF No. 65). Defendants Iron County and Tulppo submitted a response to Plaintiffs' objection (ECF No. 66). After carefully reviewing the parties' submissions and

relevant authorities, the Court adopts the Report and Recommendation as modified in this Opinion and Order. Oral argument is unnecessary here. *See* W.D. Mich. LCivR 7.2(d).

## I. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, if a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## II. ANALYSIS

### A. Supplemental Jurisdiction

The parties recognize that the Court's exercise of supplemental jurisdiction over Plaintiffs' state law claims is discretionary. After reviewing this question de novo, the Court concludes that the exercise of supplemental jurisdiction is inappropriate here for several reasons. The Sixth Circuit frequently "emphasizes that supplemental jurisdiction is a doctrine of discretion not of right." *Bell-Coker v. City of Lansing*, No. 1:07-CV-812, 2009 WL 166556, at *7 (W.D. Mich. Jan. 21, 2009) (collecting cases). "Whether to exercise supplemental jurisdiction over state law claims is a determination within the Court's discretion." *Anderson v. Cnty. of Berrien*, No. 1:24-CV-1244, 2026 WL 632649, at *3 (W.D. Mich. Mar. 6, 2026) (citing *Mitchell v. City of Benton*

*Harbor*, 137 F.4th 420, 443 (6th Cir. 2025)). "In determining whether to retain supplemental jurisdiction over Plaintiff's state law claims, the Court "'should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues.'" *Id.* (quoting *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

This Court "routinely declines supplemental jurisdiction over State law claims in federal civil rights cases, and it will do so here as well. In addition to diverting time and attention from the federal civil rights at stake, Plaintiff's state law claims also put the federal Court in the position of evaluating state claims against individuals associated with state and local governmental operations. Those matters are best addressed by state—not federal—courts." *Mulcahey v. Chocolay Twp., Michigan*, No. 2:24-CV-7, 2024 WL 4604055, at *2 (W.D. Mich. Oct. 29, 2024), *aff'd sub nom. Mulcahey v. Twp. of Chocolay, Michigan*, No. 25-1396, 2026 WL 64236 (6th Cir. Jan. 8, 2026); *accord Anderson*, 2026 WL 632649 at *3 ("[T]he defendants in this case are either municipalities or individuals who are being sued in their official capacities. State law claims against municipal defendants are best handled in the state system. Standards of liability and questions of governmental immunity are different on the state law claims."). The elements of the state law claims differ from those of the federal claims, and the standards for relevant immunity doctrines are also significantly different.

The Court concludes that these principles counsel against the exercise of supplemental jurisdiction over Plaintiffs' state law claims here. *See Mulcahey*, 2024 WL 4604055 at *2; *Anderson*, 2026 WL 632649 at *3. The Court remands those claims to Michigan state court.

### B. Remaining Federal Claims

The Report and Recommendation separates the Defendants into two groups: (1) the Defendant officers who did not enter the home during the disputed search, along with the municipal and county Defendants; and (2) Defendants Hodge and Groleau, the officers who entered Plaintiffs' home during the search (*see, e.g.,* First Am. Compl., ECF No. 40 at PageID.634 ("Defendant Hodge [and] Defendant Groleau . . . executed the above [search], by breaking down the unlocked front door of Plaintiffs' home. Defendants Geneman and Tulppo remained outside Plaintiffs' home.")). The Court will address these two categories of Defendants in turn.

#### 1. Defendants Who Did Not Enter Home and Municipal and County Defendants

The Report and Recommendation explains in detail why Plaintiffs have failed to state a federal claim against the Defendants who did not enter Plaintiffs' home, including Defendants Geneman, Tulppo, and Harrington (*see* R&R, ECF No. 63 at PageID.1130; *accord* Mot. for J., ECF No. 36 at PageID.742–747). The Magistrate Judge also thoroughly articulates why Plaintiffs fail to state a federal claim against Defendants City of Iron River and Iron County (R&R, ECF No. 63 at PageID.1142–1143).

The Court has reviewed de novo the claims and arguments presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiffs' objections with respect to Defendants Geneman, Tulppo, Harrington, City of Iron River, and Iron County. The Magistrate Judge recommends that the Court dismiss the federal claims against these Defendants and terminate them from the case. The Court concludes that the Report and Recommendation's analysis of the federal claims applicable to these Defendants is factually sound and legally correct.

Plaintiffs' objections fail to deal in a meaningful way with the Magistrate Judge's analysis applicable to these five Defendants. The Court concludes that the Magistrate Judge thoroughly

considered and applied the governing law to the record on this point. Nothing in Plaintiffs' objections changes the fundamental analysis. The Court agrees with the Magistrate Judge that claims against these Defendants should be dismissed for the very reasons articulated by the Magistrate Judge. Accordingly, the Court dismisses Plaintiffs' federal claims against Defendants Geneman, Tulppo, Harrington, Iron River, and Iron County and terminates them from the case.

**2. Defendants Hodge and Groleau**

The Court must next evaluate the federal claims set forth by Plaintiffs against Defendants Hodge and Groleau. The only count in the First Amended Complaint that sets forth a federal claim is Count I, and Count I provides only a barebones statement that "Defendants [Hodge and Groleau] have violated Plaintiffs' U.S. Constitution Fourth Amendment right to freedom from unreasonable searches of their home and persons" (First Am. Compl., ECF No. 40 at PageID.639). But Count I "incorporate[s]" by reference all the operative complaint's preceding factual statements about, as relevant here, Defendants Hodge and Groleau (*id.*).

Start with Defendant Groleau. He has not filed or joined in any motion to dismiss. But Plaintiffs never served him (*see* ECF Entry of 8/15/2025, "Summons Not Issued as to defendant Michael Groleau (none provided)"). The Report and Recommendation placed Plaintiffs on notice regarding this and other service deficiencies over ninety days ago (R&R, ECF No. 63 at PageID.1149 n.2). Plaintiffs have failed to effectuate timely service, and so the Court dismisses Defendant Groleau under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m).

Turning to Defendant Hodge, Plaintiffs argue that they have pleaded facts sufficient to establish four separate Fourth Amendment claims, all combined under Count I: (1) Defendant lacked probable cause to search Plaintiffs' home and relied on a defective warrant; (2) Defendant violated the "knock and announce" rule; (3) Defendant caused property damage that was not

reasonably necessary to execute the warrant; and (4) Defendant used excessive force in executing the search (Obj., ECF No. 65 at PageID.1167–1176). Defendant Hodge's motion to dismiss—and the Report and Recommendation—addressed only the first two of these four claims.[1] The Court will address each of Plaintiffs' Fourth Amendment claims against Defendant Hodge in turn.

**a. Lack of Probable Cause and Defective Warrant Claim**

The Magistrate Judge carefully analyzed Plaintiffs' operative complaint and briefing before concluding that Plaintiffs "have not alleged facts supporting their allegation that the warrant Hodge sought was not supported by probable cause" (R&R, ECF No. 63 at PageID.1134–1135). Plaintiffs have not identified factual or legal error in the Magistrate Judge's analysis. To the contrary, Plaintiffs essentially concede this point, relying on their other Fourth Amendment claims to argue that the Court should not dismiss Count I (Obj., ECF No. 65 at PageID.1157 (acknowledging the Magistrate Judge's conclusion that "Defendant Hodge . . . could rely on the judicially authorized search warrant to enter Plaintiffs' home and execute a search," offering no meaningful response, and directing the Court to their other Fourth Amendment claims). The Court agrees with the Magistrate Judge on this point.

[1] Defendant Hodge and the Magistrate Judge may not have addressed Plaintiffs' property damage and excessive force claims because Plaintiffs have arguably engaged in the type of "shotgun pleading" disfavored under Federal Rule of Civil Procedure 10(b). *See* Fed. R. Civ. P. 10(b); *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020) (noting with disapproval that a plaintiff had "failed to separate each of her causes of action or claims for relief into separate counts" and that this "type of 'shotgun pleading' violates Rule 10(b)") (citing *Cincinnati Life Ins. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (concluding that a one-count complaint, which incorporated five separate claims, amounted to impermissible "kitchen sink" pleading requiring "judges and adverse parties . . . to fish a gold coin from a bucket of mud"). But Defendant Hodge did not raise this argument, and, critically, he declined to respond to Plaintiffs' objection, in which Plaintiffs explained each of these claims and set forth their factual bases (*see generally* Obj., ECF No. 64).

**b. Knock and Announce Claim**

The Report and Recommendation concludes that Plaintiffs have adequately pleaded a Fourth Amendment "knock and announce" claim against Defendant Hodge (*see* R&R, ECF No. 63 at PageID.1148–1149). As noted by the Magistrate Judge, Plaintiffs allege that Defendant Hodge "arrived at the house late at night," Plaintiffs "were asleep in their home at the time of the officers' arrival," and Defendant Hodge "did not knock on their door and only waited seconds after announcing [his] presence before breaking down the unlocked front door of their home" (*id.* at PageID.1137–1138). The Magistrate Judge examined the body camera video submitted by the parties and concluded that it does not undermine the plausible allegations noted above or support application of the qualified immunity defense to Defendant Hodge at this stage of the case (*id.*).

The Magistrate Judge reasons, after a careful analysis of applicable case law, that "Plaintiffs have alleged sufficient facts to state a claim for relief under [the] Fourth Amendment against Defendant Hodge for breaking down their unlocked front door and entering their home without giving them adequate time to open the door" (*id.*) The Court agrees that Plaintiffs have adequately pleaded a Fourth Amendment claim against Defendant Hodge based on an unreasonable execution of the search warrant under the knock and announce rule, as interpreted by relevant Sixth Circuit authorities. *See United States v. Spikes*, 158 F.3d 913, 926 (6th Cir. 1998).

Defendant Hodge raises one cursory objection to the Magistrate Judge's analysis on this point (*see* Obj., ECF No. 64 at PageID.1151–1153). According to Defendant Hodge:

> The report and recommendation acknowledges that the body camera video submitted with Trooper Hodge's motion to dismiss "discloses that the officers arrived at Plaintiffs' residence with vehicle overhead lights flashing," a light inside the home was shining from a window, it "took the officers approximately 40 more seconds to announce their presence at the door of the residence," and the officers "entered the residence approximately seven seconds after making the announcement."

(*id.* at PageID.1152). Defendant Hodge reasons that "there is no bright-line rule for how long officers must wait before entering a residence after announcing their presence" and makes a cursory assertion that "Hodge did not commit a knock-and-announce violation" (*id.* at PageID.1153 (citing *Spikes*, 158 F.3d at 926)). In the absence of a constitutional violation, Defendant Hodge suggests that he cannot have violated a clearly established constitutional right, and thus he is entitled to qualified immunity (*id.* at PageID.1152–1153).

This objection fails because, as noted above, the Magistrate Judge carefully analyzed the body camera video in question. Defendant Hodge's objection simply ignores the key facts upon which the Report and Recommendation bases its analysis (R&R, ECF No. 63 at PageID.1148–1149). Instead of engaging with the reasoning set forth in the Report and Recommendation, Defendant Hodge largely reiterates arguments set forth in his motion to dismiss (*compare* Def. Hodge Mot. Br., ECF No. 42 at PageID.686–689 *with* Obj., ECF No. 64 at PageID.1151–1153). This is not a proper objection. *See Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) ("Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."); *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016) (collecting Sixth Circuit authorities) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").

The Sixth Circuit has stated, in addressing a qualified immunity defense raised by several officers in a motion for judgment on the pleadings, that "[n]ighttime searches have long been recognized as more intrusive than searches conducted during the day." *Greer v. City of Highland Park, Michigan*, 884 F.3d 310, 317 (6th Cir. 2018). "[I]t is difficult to imagine a more severe

invasion of privacy than the nighttime intrusion into a private home." *Id.* Accordingly, "officers' failure to knock and announce their presence" at the home of sleeping individuals late at night, "absent exigent circumstances," is "clearly unconstitutional." *Id.*; *cf. Marcilis v. Jones*, 494 F. App'x 535, 539 (6th Cir. 2012) (declining to apply a qualified immunity defense in the context of a knock and announce claim); *Thornton v. Fray*, 429 F. App'x 504, 510 (6th Cir. 2011) (same). The Court concludes that Plaintiffs have plausibly alleged a Fourth Amendment claim against Defendant Hodge for unreasonable execution of the search given that he "did not knock on [Plaintiffs'] door and only waited seconds after announcing [his] presence before breaking down the unlocked front door" (R&R, ECF No. 63 at PageID.1138). Defendant Hodge is free to present additional evidence regarding his qualified immunity defense at summary judgment.

**c. Property Damage and Excessive Force Claims**

Plaintiffs argue that, in addition to their knock and announce claim, they have also plausibly alleged that Defendant Hodge violated their Fourth Amendment rights by destroying their unlocked front door and by using excessive force during the search (Obj., ECF No. 65 at PageID.1167–1175). Sixth Circuit case law indicates that a Section 1983 plaintiff may support a Fourth Amendment claim by presenting evidence that destruction of property, including a door, was not "reasonably necessary to effectively execute a search warrant." *See Hill v. McIntyre*, 884 F.2d 271, 278 (6th Cir. 1989). And "[a] claim for excessive force in violation of the Fourth Amendment is actionable under § 1983." *See Miller v. Tramski*, No. 07-13126, 2009 WL 891729, at *8 (E.D. Mich. Mar. 31, 2009) (citing *St. John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005)). As noted above, neither Defendant Hodge's motion to dismiss nor the Report and Recommendation meaningfully address Plaintiffs' separate destruction of property or excessive force claims. These claims will proceed against Defendant Hodge.

Accordingly:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 63) is **APPROVED AND ADOPTED** as the Opinion of the Court with the modifications noted in this Opinion and Order.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' state law claims, and those claims are **REMANDED** to Iron County Circuit Court.

**IT IS FURTHER ORDERED** that the motions to dismiss and motion for judgment on the pleadings (ECF Nos. 41, 44, 45) are **GRANTED IN PART** as set forth in this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendants Groleau, Tulppo, Geneman, Harrington, City of Iron River, and Iron County are **TERMINATED** from this matter given that the Court has disposed of all claims pending against them.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourth Amendment claims set forth under Count I alleging (1) a violation of the "knock and announce" rule; (2) unreasonable destruction of property; and (3) excessive force will proceed against Defendant Hodge. These are the sole remaining claims in this case, and Defendant Hodge is the sole remaining Defendant.

Dated: September 15, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE